Everett S. Butler (SBN 018262)
**THE BUTLER LAW FIRM**
3800 North Central Avenue, Suite 810
Phoenix, Arizona 85012-3338
Telephone: (602) 288-0588
Facsimile: (602) 288-0587
ebutler@butlerlawaz.com
Attorneys for BBK Tobacco & Foods, LLP

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP,<br><br>        Plaintiff,<br><br>    v.<br><br>Green Planet, Inc.,<br><br>        Defendant. | **COMPLAINT** |

For its complaint against Green Planet, Inc., BBK Tobacco & Foods, LLP alleges as follows:

### PARTIES

1.   BBK Tobacco & Foods, LLP is an Arizona limited liability partnership that maintains a place of business at 3315 West Buckeye Road, #4, Phoenix, Arizona 85009. BBK Tobacco & Foods, LLP does business as HBI and as HBI International ("HBI").

2.   Green Planet, Inc. ("Green Planet") is a California corporation that maintains a place of business at 7260 Sycamore Canyon Boulevard, Riverside, California, 92508, and does business in and has substantial contacts to Arizona.

### JURISDICTION AND VENUE

3.   This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Accordingly, this Court has federal-question subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331.

Complaint – 1

4. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and Green Planet is deemed to reside in this District.

## GENERAL ALLEGATIONS

5. HBI produces a line of rolling papers that are used for smoking non-tobacco herbs. The rolling papers, shipped from HBI's headquarters in Phoenix, Arizona, are sold to authorized retailers, distributors, and wholesalers in Arizona and throughout the United States.

6. HBI takes great pride in the quality of its products. The packaging for HBI's line of Juicy Jay's rolling papers notes that they are made in Spain — a highly regarded country of origin for rolling papers. *See,* e.g., Image 1, below.

Image 1



7. The packaging on some HBI rolling papers also notes that the rolling papers use a natural adhesive, which is a desirable quality in the rolling paper market. For example, the packaging for some HBI rolling paper products notes that the rolling papers "use a natural, plant based glue." *See* Image 2, below.

. . .

. . .

. . .

Complaint – 2

Image 2

8. Green Planet competes with HBI by selling its own line of rolling papers called "Toke Token" to retailers, distributors, and wholesalers in Arizona and throughout the United States.

9. In its competition with HBI, Green Planet falsely claims that its Toke Token rolling papers use "Natural Gum" and misleadingly designates the country of origin as P.R.C. instead of China.

10. Green Planet's bulk packages containing 24 booklets of rolling papers prominently claim that the Toke Token line of rolling papers are made using "Natural Gum." Indeed, that claim is on four of the six faces of the packaging. Examples of Green Planet's claim from its bulk packaging are shown in Image 3 and Image 4, below.

Image 3



. . .

. . .

. . .

Complaint – 3

Image 4



11. Green Planet also makes its "Natural Gum" claim on the exterior and interior of the packaging for its individual booklets of rolling papers. *See* Image 5 and Image 6, below.

Image 5 (exterior)

. . .

. . .

. . .

Complaint – 4

Image 6 (interior)



12. The exterior "Natural Gum" symbol and claim is visible to the retailers, distributors, and wholesalers who purchase bulk quantities of Green Planet's rolling papers and to the end-user consumers who purchase Green Planet's rolling papers.

13. Green Planet's "Natural Gum" symbol and claim is intended to be and is material to the retailers, distributors, wholesalers, and consumers who purchase Green Planet's rolling papers.

14. Green Planet's claim that it uses "Natural Gum" is false. Independently performed infrared spectroscopy testing shows that the adhesive used in the Toke Token papers contains polyvinyl alcohol—an unnatural, synthetic chemical.

15. Green Planet's misleading claims do not stop there. On the underside of its bulk boxes of rolling papers and under the outside cover of its individual booklets of rolling papers (*see* Image 7, below), Green Planet inconspicuously notes that its imported rolling papers are "Made in P.R.C.".

Image 7

. . .

16. Green Planet's Toke Token rolling papers are, in fact, made in the People's Republic of China (the "P.R.C.").

17. However, Green Planet's use of "P.R.C." instead of "China" or "People's Republic of China" intentionally obscures the fact that the Toke Token papers are made in China, deceives the public, and violates the country-of-origin marking requirements of 19 U.S.C. § 1304.

18. Green Planet's violation is particularly egregious in light of the fact that the U.S. Bureau of Customs & Border Protection has repeatedly and consistently maintained that the abbreviation "P.R.C." is not an acceptable country-of-origin marking designation.

## CLAIM FOR RELIEF

## (Lanham Act Violations, 15 U.S.C. § 1125)

19. HBI incorporates all allegations above as if set forth here in full.

20. Green Planet has violated and continues to violate 15 U.S.C. § 1125(a) by using in commerce and in commercial advertising and promotion the "Natural Gum" symbol and claim. That symbol and claim is false and misrepresents the nature, characteristics, and qualities of Green Planet's Toke Token rolling papers, which use less desirable unnatural, synthetic chemicals.

21. Green Planet has violated and continues to violate 15 U.S.C. § 1125(a) by using in commerce and in commercial advertising and promotion the "Made in P.R.C." country-of-origin mark. That inconspicuous designation violates 19 U.S.C. § 1304(a) and (b) and misrepresents the nature, characteristics, qualities, and geographic origin of Green Planet's rolling papers.

22. Green Planet has violated and continues to violate 15 U.S.C. § 1125(b) by importing rolling paper products that are in violation of 15 U.S.C. § 1125(a).

23. Green Planet's prior and continued use of the obscured "P.R.C." country-or-origin mark and the false "Natural Gum" symbol and claim: (1) are facially and actually deceptive, (2) constitute willful, knowing, intentional, deliberate, and fraudulent acts of deception, and (3) confuse consumers.

24. Green Planet's false claims and deceptive acts harm HBI's ability to compete in the rolling paper market with Green Planet by deceiving consumers and causing them to believe that Green Planet's products have a more desirable nature and more desirable characteristics, qualities, and geographic origin than they actually have. This undermines HBI's ability to compete using its higher quality Juicy Jay's products, which are made in Spain and use natural adhesive.

25. Pursuant to 15 U.S.C. § 1117(a), HBI is entitled to an award of: (1) all of Green Planet's profits made from products bearing either the "P.R.C." county-of-origin mark or the "Natural Gum" designation, (2) HBI's lost profits resulting from Green Planet's violations, (3) the future cost to HBI of performing corrective advertising, and (4) HBI's costs in this action.

26. Because this is an exceptional case, HBI requests, and is entitled to, an award of its attorneys' fees under 15 U.S.C. § 1117(a).

### REQUEST FOR RELIEF

WHEREFORE, HBI requests the following relief:

A. An award of its damages, including:
  (1) All profits Green Planet made from products bearing either the "P.R.C." county-of-origin mark or the "Natural Gum" designation;
  (2) HBI's lost profits resulting from Green Planet's violations;
  (3) The future cost to HBI of performing corrective advertising; and
  (4) Treble damages.

B. An injunction that:
  (1) Prohibits Green Planet from using the "Natural Gum" symbol and claim (including any other substantially similar symbol or claim) on its products;
  (2) Prohibits Green Planet from identifying the country of origin on its products as "P.R.C.";

  (3) Prohibits Green Planet and any people or entities within its control from importing, selling, or distributing any products bearing either the "Natural Gum" symbol and claim (including any substantially similar symbol or claim) or the "P.R.C." country-of-origin mark;

  (4) Requires Green Planet to recall all products bearing either the "Natural Gum" symbol and claim or the "P.R.C." country-of-origin mark;

  (5) Requires Green Planet to inform, in writing, all retailers, distributors, and wholesalers to which Green Planet sold or distributed the violating rolling papers that the "Natural Gum" claim was false, that the adhesive contains the synthetic chemical polyvinyl alcohol, that the rolling papers were made in China, and that Green Planet intended retailers, distributors, wholesalers, and consumers to rely on its deceptive representations when purchasing Green Planet products;

  (6) Requires Green Planet to maintain a website containing the information immediately above that is advertised for one year on the packaging of all bulk-sale and individual-sale Green Planet flavored rolling paper products; and

  (7) Requires Green Planet to affix for one year a conspicuous notice label to the most prominent exterior surface of all of Green Planet's flavored rolling paper packages, including bulk-sale and individual-sale packages; the notice label shall state: "MADE IN CHINA. CONTAINS POLYVINYL ALCOHOL."

C. An award of HBI's reasonable attorneys' fees and costs; and

D. Any other relief warranted under the circumstances.

. . .

| | |
|---|---|
| Dated: April 22, 2013 | */s/ Everett S. Butler* |
| | Everett S. Butler (SBN 018262) |
| | THE BUTLER LAW FIRM |
| | 3800 North Central Avenue, Suite 810 |
| | Phoenix, Arizona 85012-3338 |
| | Telephone: (602) 288-0588 |
| | Facsimile: (602) 288-0587 |
| | ebutler@butlerlawaz.com |
| | Attorneys for BBK Tobacco & Foods, LLP |