**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| BBK Tobacco & Foods, LLP,<br><br>    Plaintiff,<br><br>v.<br><br>Green Planet, Inc.,<br><br>    Defendant. | **NO. CV13-0816 PHX DGC**<br><br>**CONSENT JUDGMENT** |

Pursuant to the stipulation of Plaintiff BBK Tobacco & Foods, LLP, which does business as HBI and as HBI International ("HBI"), and Defendant Green Planet, Inc. ("Green Planet"), and the Court finding that there is good and sufficient cause to enter this consent judgment,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and this Court has federal-question subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction, pursuant to 28 U.S.C. § 1367, over the claims added in the Second Amended Complaint.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to HBI's claim occurred in this District, a substantial part of property that is the subject of this action is situated in this District, and Green Planet is deemed to reside in this District.

3. On the interior and exterior of packaging for certain flavored non-tobacco rolling papers, Green Planet has used in commerce and in commercial advertising and promotion a graphic bearing the text "Natural Gum." A representative example of the graphic is reproduced below.



4. The graphic represents that the adhesive (or "gum") used on the rolling papers is natural and, therefore, does not include synthetic chemicals, such as polyvinyl alcohol. With respect to Green Planet's Toke Token line of flavored non-tobacco rolling papers, Plaintiff contends that claim misrepresents the nature, characteristics, and qualities of Green Planet's Toke Token rolling papers, which use an adhesive containing the synthetic chemical polyvinyl alcohol.

5. On the interior and exterior of packaging for certain flavored non-tobacco rolling papers, Green Planet has used in commerce and in commercial advertising and promotion a "Made in P.R.C." country-of-origin mark. Plaintiff contends that mark obscures the fact that the Toke Token papers are made in China and violates the country-of-origin marking requirements of 19 U.S.C. § 1304.

6. HBI distributes flavored rolling papers for use with non-tobacco smoking herbs. Depending on the product, HBI's packaging for those rolling papers contains one or more of the following three notices:

   a. *Notice 1*: "NOT for use with or sold for use with tobacco. ONLY for use with legal smoking herbs."
   b. *Notice 2*: "This product is absolutely only to be used with legal non-tobacco smoking herbs such as Passion Flower or sage."

    c. *Notice 3*: "This product is absolutely only to be used with legal non-tobacco smoking herbs such as Tribe®, Buddha's Blend®, Bulldog®, or single herbs such as Passion Flower."

  7. HBI markets and sells its flavored rolling papers in Maricopa County and throughout the United States.

  8. On its Toke Token line of flavored rolling papers, which Green Planet markets and distributes in Maricopa County and throughout the United States, Green Planet has copied verbatim the Notice 1 and Notice 3 language from HBI's flavored rolling papers.

  9. In copying the language from Notice 3, Plaintiff contends that Green Planet also associates itself with Tribe®, Buddha's Blend®, and Bulldog®, which are non-tobacco smoking herb brands that are owned, marketed, and sold by HBI.

  10. Furthermore, printed on Green Planet's Toke Token line of flavored rolling papers are graphical depictions of fruit that Plaintiff contends are confusingly similar to the graphical depictions of fruit printed on HBI's Juicy Jay's line of flavored rolling papers.

  11. Plaintiff contends that Green Planet's mimicry of HBI's products is likely to deceive or mislead prospective purchasers, to cause a diversion of trade from HBI, to harm to HBI's reputation or good will, or to influence prospective purchasers to some substantial degree.

  12. Therefore, without Green Planet admitting liability or fault, and solely for purposes of resolving the lawsuit, Green Planet agrees to immediately cease and is permanently enjoined from:

    a. Importing rolling papers and rolling paper packaging to the United States that bears the "Natural Gum" graphic, any substantially similar graphic, or any claim to the use of natural rolling paper adhesives;

b. Producing rolling papers or rolling paper packaging that bears the "Natural Gum" graphic, any substantially similar graphic, or any claim to the use of natural rolling paper adhesives;

c. Importing rolling papers and rolling paper packaging to the United States that bears a "Made in P.R.C." country-of-origin mark;

d. Producing rolling papers and rolling paper packaging that bears a "Made in P.R.C." country-of-origin mark;

e. Distributing, selling, or advertising any rolling papers and any rolling paper packaging that bears the "Natural Gum" graphic, any substantially similar graphic, any claim to the use of natural rolling paper adhesives, or a "Made in P.R.C." country-of-origin mark;

f. Using any notices on its products that are the same or nearly the same as Notice 1, Notice 2, or Notice 3;

g. Referring to Tribe®, Buddha's Blend®, Bulldog®, or any other HBI product, brand, or mark in any advertisement or on any product advertised, marketed, sold, produced, or distributed by Green Planet;

h. Using its current graphical depictions of fruit, plants, and food on its rolling papers;

i. Placing graphical depictions of fruit, plants, or food on its rolling papers if those graphical depictions are substantially similar to any graphical depictions HBI currently uses on any of its rolling papers; and

j. Importing, selling, or distributing any products bearing notices that are substantially similar to the three notices used by HBI or that bear graphical depictions of fruit, plants, or food that are substantially similar to any graphical depictions HBI currently uses on any of its rolling papers.

13. Notwithstanding the injunction above, for six months after the entry of this consent judgment (the "Sale Period"), Green Planet will be permitted to distribute and

sell its existing domestic stock, if any, of rolling papers and rolling paper packaging that bears:

    a. the "Natural Gum" graphic or text;

    b. the "Made in P.R.C." country-of-origin mark;

    c. Notice 1, Notice 2, or Notice 3;

    d. any reference to HBI products, brands, or marks; or

    e. any graphical depictions of fruit, plants, or food that are substantially similar to any graphical depictions HBI currently uses on any of its rolling papers.

14. All Green Planet products that are made in China and imported into the United States shall bear a "Made in China" country-of-origin mark and shall comply with 19 U.S.C. § 1304.

15. For the purpose of monitoring Green Planet's compliance with this consent judgment, HBI shall have the right, upon reasonable notice to Green Planet, to request and inspect Green Planet's records.

16. Within 15 days after the end of the Sale Period, Green Planet shall submit a report to HBI stating under oath whether Green Planet has complied with paragraph 12. The report shall also state under oath the amounts of existing product sold under paragraph 13.

17. Green Planet waives any right to appeal this consent judgment.

18. This consent judgment shall be binding on the parties and on Green Planet's agents, employees, assigns, successors-in-interest, subsidiaries, and others acting in concert or participation with Green Planet.

19. The Second Amended Complaint is dismissed with prejudice, but this Court shall retain jurisdiction over this matter for the purpose of enforcing this consent judgment and punishing any violations.

20. This consent judgment shall be deemed a final judgment and shall be effective on the date of its entry.

Dated this 3rd day of October, 2013.

_____
David G. Campbell
United States District Judge